Mr. Chief Justice Clayton
delivered the opinion of the court.
This was a bill filed in the circuit court of Holmes county, to obtain a decree of foreclosure and sale of certain mortgaged property. The mortgage contained a stipulation, that upon failure of payment of either of the notes secured by the mortgage, the mortgagee might take possession of the land and slaves, and receive the rents and profits thereof, until the debt should be paid. In pursuance of this stipulation, after the second note had fallen due, and remained unpaid, the mortgagee took possession of all the slaves except one, carried them to Texas, and there sold a part of them. The bill was filed to obtain a decree for the sale of the remaining slave and the land.
■ The decree is resisted, on the ground of fraud in the original sale for which the mortgage was given, failure on the part of the mortgagee to comply with his contract, and the taking of the slkves from the possession of the mortgagor. None of these grounds are made out by the proof, except the last, and this is avowed and justified under the mortgage. The only question is the effect of this course of the creditor.
The right to take and hold possession upon a given contingency, was conferred by the terms of the mortgage. There can be no valid objection to the exercise of this power, as a power of sale might likewise have been conferred, and might have been lawfully enforced. But the mortgagee went beyond the limit prescribed in the mortgage. After he took possession, he acted upon the assumption, that the property was absolutely his, and that the equity of redemption, and all right of the mortgagor were barred. In this he was in error, because upon payment of the mortgage debt, the debtor was entitled under this mortgage *92 to have the property back, and this right could only be foreclosed by a decree in equity.
The court below directed an account to be taken, to ascertain what was due, after deducting all payments which had been made; the value of the slaves taken into possession by the mortgagee, with their hires from that time, up to the takipg of the account; and after deducting also the amount of a previous lien upon the land. At a subsequent day, after taking of the account, a decree was made, directing a sale of the land and the remaining slave, unless payment of the balance so ascertained, was made by a specified day.
In this decree, it is taken for granted, that the right of the mortgagor to the slaves taken by the mortgagee, was extinguished. This opinion was erroneous. The equity of redemption was not surrendered by the mortgage, upon default of payment. On the contrary, the stipulation was expressly, that the creditor might hold until payment should be made. It was a stipulation for a change of possession, not of property, upon default of payment. The case then resembles a proceeding for a strict, technical foreclosure. This mode of proceeding is not much favored in equity, but as the slaves are now beyond the jurisdiction of the courts of this state, it is perhaps the only remedy which can be made effectual. But it is the settled practice, in case of technical foreclosure, to give the mortgagor time to redeem. 4 Kent, Com. 182. It is right that the equity of redemption should be equally protected by the decree in this case, for a reasonable time. As the court below made no such provision, the decree must be reversed, and the cause remanded for farther proceedings. A new account will be taken, to ascertain, the whole sum due under the mortgage, principal and interest, after deducting the payments actually made. It must also state the value of the slaves at the time when taken by the mortgagee, and state the hires up to the day of the taking of the account. The amount of the lien which existed' upon the land, prior to the mortgage, and which is entitled to prior satisfaction out of the land, must also be stated.
If the mortgagor should tender and pay the whole sum due, *93 less the value of the hire of the slaves, since they have been in possession of the mortgagee, then the mortgagee must restore said slaves, or such of them as are in his possession, and the title of the mortgagor be made absolute. For such as may have been sold by the mortgagee, he must, in addition to the hires, give credit for their full cash value when taken by him, and the tender of payment need not extend to this value of such as have been sold by the mortgagee. But if such tender and payment be not made within four months from the .time of entering such decree, then the mortgagor to be foreclosed of all equity of redemption in the slaves, so taken by the mortgagee^ and the decree to be for the sale of the other property contained in the mortgage. In either event, provision to be made by the decree, for the satisfaction of the prior lien upon the lands, so as to exonerate the mortgagor therefrom. The account may also extend to any other matter desired by either of the parties, and deemed pertinent by the court.